**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Dennis A. Smith</u>


   v.                                         Civil No. 07-cv-119-SM

<u>Commissioner, New Hampshire Department
of Corrections, et al.</u>


**O R D E R**

Pro se plaintiff Dennis A. Smith has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical care in violation of his rights under the Eighth Amendment to the United States Constitution (document nos. 1, 8 and 23). He has also filed a motion to strike (document no. 22) his second amended complaint (document nos. 13) and a motion for leave to file an amended complaint (document no. 23), both of which motions are hereby granted.

Seeking declaratory, injunctive and monetary relief, Smith brings this action against William L. Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), John C. Vinson, Staff Attorney for the NHDOC and the following employees of the New Hampshire State Prison ("NHSP"): Bruce W. Cattell, Warden; Gregory Crompton, former NHSP Administrator of

Classification; and Denise M. Heath, Deputy Compact Administrator.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Smith has alleged Eighth Amendment claims premised on the denial of adequate medical care against Wrenn, Cattell, Crompton and Heath.  I have recommended dismissal of all remaining claims.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint be served on the defendants.  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document nos. 1, 8 and 23).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the

Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's Office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date: August 21, 2007

cc:   Dennis A. Smith, pro se