**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Dennis A. Smith

    v.                                                    Civil No. 07-cv-119-SM

NH Department of Corrections,
Commissioner, et al.

**REPORT AND RECOMMENDATION**

Plaintiff moves for a temporary restraining order and preliminary injunction. Defendant New Hampshire Department of Correction objects.

Background

Smith is a New Hampshire inmate who was involuntarily transferred to Texas in December of 2004 under the Interstate Corrections Compact. In 2004 New Hampshire prison authorities forwarded his health records to Texas authorities several days before Smith was himself transferred. Between the time that the medical records were forwarded and Smith was shipped out, he was diagnosed with hypertension and prescribed the high blood pressure medication Vasotec. Defendant failed to notify Texas of the diagnosis and prescription. Texas authorities examined Smith when he arrived and did not find high blood pressure. It took Smith a substantial period to get the prescription information

from New Hampshire to Texas.  He is serving his New Hampshire sentences in Texas where he is getting ongoing medical care.  New Hampshire has no current plans to move Smith.

Smith seeks preliminary injunctive relief that would require defendant: (1) to terminate the on-going practice of executing out-of-state transfers without the issuance of an updated health services center-transfer/discharge summary reflecting current health problems; and (2) to promptly draft and maintain policy and procedures governing all aspects of the transfer process, including but not limited to personal funds, legal materials, medical records and grievance procedures.

## Discussion

This is not the first time that Smith has tried to effect change at the New Hampshire prison that any right thinking person should make.[1]  Clearly, New Hampshire should take steps to provide totally up-to-date medical records on prisoners being transferred before the failure to do so causes serious injury or death.  That does not mean, however, that Smith is entitled to the preliminary relief he seeks.  In fact, I recommend that the

---

[1] In a prior case, he brought to light the deplorable feces tainted feeding system in the Special Housing Unit ("SHU") which was then promptly corrected by an exceptional prison official who is now retired.

motion be denied.

First, Smith is not at risk of any imminent harm as he is not at risk of any transfer in the immediate future.  He can not show irreparable harm or that he even risks injury.  Thus, he comes up short on the first two prongs of the preliminary injunction factors.  See Planned Parenthood League of Massachusetts v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981). Because Smith is not at current risk of being transferred, it is clear that what he is really seeking is an injunction on behalf of all New Hampshire prisoners.  This he can not do.  Pro se prisoners are not adequate class representatives.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); 7A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, § 1769.1 at 450 (3d ed. 2005).

In short, accepting all of Smith's declaration as true, he is not, as a matter of law, entitled to the relief he seeks.  An evidentiary hearing is unnecessary and is cancelled.  I recommend that the motion (Document no. 3) be denied.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to

appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  September 13, 2007

cc:  Dennis A. Smith, pro se
     Danielle Leah Pacik, Esq.
     Nancy Smith, Esq.
     John C. Vinson, Esq.